IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LADARRON DEONDRE PICKENS, Defendant. | Case No. 09-mj-25<br><br>ORDER FOR PRETRIAL DETENTION |

On the 20th day of February 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Marti Sleister and Assistant United States Attorney Stephanie M. Rose. The Defendant appeared personally and was represented by attorneys Marlon Blake Evans and Webb L. Wassmer.

## RELEVANT FACTS

On February 10, 2009, Defendant LaDarron Deondre Pickens was charged by Criminal Complaint (docket number 1) with possession with intent to distribute 100 kilograms or more of marijuana. A preliminary hearing was held contemporaneously with the instant detention hearing, and the Court found probable cause to believe that Defendant committed the crime described in the Complaint. Accordingly, Defendant was bound over for further proceedings by the grand jury.

Special Agent Charles Pettrone of the Iowa Division of Narcotics Enforcement testified regarding the circumstances underlying Defendant's arrest. On February 5, 2009, a trooper with the Iowa State Patrol stopped an eastbound panel van on Interstate 80 being driven by Defendant. The trooper believed that the van was a "clone" van used to transport illegal narcotics.

1

> The van appeared to have been recently painted, and bore a commercial company's decal on the sides. The windows in the rear of the van were obscured by mini-blinds. Trooper Vander Wiel continued to follow the van for approximately 27 miles into Iowa County, near Marengo, Iowa. During that time, the Iowa State Patrol contacted the commercial company whose decal was affixed to the van. The commercial company, which was located in Ohio, reported the described van did not belong to their company. Trooper Vander Wiel called in the Michigan license plate on the van, and found the license plates were registered to a female living in Detroit, Michigan.

*See* Affidavit of Charles Pettrone, ¶ 4 at 1-2 (Government's Exhibit 1).

After being stopped, Defendant consented to a search of the van and officers found boxes containing approximately 1,042 pounds of marijuana. Special Agent Pettrone testified that the Iowa State Patrol contacted the Division of Narcotics Enforcement and indicated that the driver of the van (Defendant) "wanted to talk to a narcotics agent." Special Agent Pettrone then traveled to the scene.

After being *Mirandized*, Defendant told Special Agent Pettrone that he had driven from Detroit, Michigan, to Colorado Springs. According to Defendant, he was directed to a vehicle in a restaurant parking lot with the keys in it. (The record is silent regarding from whom Defendant received those instructions.) When Defendant got to the vehicle, he found $1,000 in cash for his services and detailed instructions regarding where he was to go. Defendant denied knowing, however, the contents of the boxes. (The record is imprecise regarding whether the van was empty or full when Defendant left Detroit.)

According to the pretrial services report, Defendant is 34 years old and resides in the Detroit area. Defendant told the pretrial services officer that he lives with his grandmother, although that information could not be verified. Defendant's fiancé told the pretrial services officer that Defendant had been living with her for the last five months. Defendant has never been married and has no children. He quit school in the 10th grade but obtained his GED. Defendant is unemployed and has not worked since 2005.

2

Defendant did not report any serious medical or mental health problems, although he lost the use of his left eye after being assaulted in 1997. Defendant admitted that he has been a "recreational" user of marijuana since age 17. According to Defendant, "he will self-medicate himself by smoking marijuana on occasion to reduce the pain in his left eye."

Defendant has only a limited prior criminal record. In 1994, Defendant received two years' probation in Cook County, Illinois, on charges of possession of a stolen vehicle, burglary, and possession of burglary tools. In 2008, Defendant received a suspended 5-year prison term in Oklahoma after he was arrested at a bus station with one pound of marijuana in his pants pocket. Defendant was successfully terminated from probation on January 6, 2009, just one month prior to the events which give rise to the instant charge.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to

"offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with intent to distribute 100 kilograms or more of marijuana, one of the offenses found in § 3142(f)(1). In addition, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). It is undisputed that Defendant was found in possession of more than 1,000 pounds of marijuana. Defendant denies knowing that the marijuana was in the vehicle. In June 2008, Defendant was convicted in Oklahoma of the felony drug offense of possession of marijuana with intent to deliver (the same charge brought here). Defendant was terminated from probation on January 6, 2009, just one month prior to these events. Because of his prior felony drug offense and the amount of marijuana involved, if Defendant is convicted in the instant action he faces a substantial penalty. Defendant is not employed and there was testimony to suggest that he may not have a stable residence.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. At the preliminary hearing, the Court found that there is probable cause to believe that the Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 11, 2009) to the filing of this Ruling (February 23, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of February, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA